B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Alexander Bonilla Colon and Sugeyka Reyes Romero | **DEFENDANTS**<br>Scotiabank de Puerto Rico<br>Wigberto Lugo Mender<br>Chapter 7 Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roberto Figueroa Carrasquillo<br>USDC #203614<br>R Figueroa Carrasquillo Law Office PSC<br>PO Box 186 Caguas PR 00726<br>Tel (787)744-7699 Fax (787)746-5294 Email rfigueroa@rfclawpr.com | **ATTORNEYS** (If Known)<br>Juan C. Fortuño Fas, Esq<br>PO Box 9300<br>San Juan PR 00908<br>Tel (787)751-5290 Fax (787)751-6155<br>Email bkfilings@fortuno-law.com |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine validity of mortgage lien over the Debtors' residential real property.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Alexander Bonilla Colon and Sugeyka Reyes Romero || BANKRUPTCY CASE NO.<br>18-06189/ESL ||
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico || DIVISION OFFICE<br>Ols San Juan | NAME OF JUDGE<br>Hon Enrique Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>NONE. | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* ||||
| DATE<br>January 21, 2019 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo<br>USDC #203614<br>R Figueroa Carrasquillo Law Office PSC |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 18-06189 ESL |
| ALEXANDER BONILLA COLON<br>SUGEYKA REYES ROMERO | CHAPTER 7 |
| DEBTORS | ADVERSARY PROC. NO. |
| ALEXANDER BONILLA COLON<br>SUGEYKA REYES ROMERO | |
| PLAINTIFFS | COMPLAINT TO DETERMINE<br>VALIDITY OF LIEN<br>RULE 7001(2) FRBP |
| V. | |
| SCOTIABANK DE PUERTO RICO | |
| WIGBERTO LUGO MENDER, ESQ.<br>CHAPTER 7 TRUSTEE | |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, **ALEXANDER BONILLA COLON** and **SUGEYKA REYES ROMERO,** the Plaintiffs/Debtors, through the undersigned attorney, and very respectfully state and pray as follows:

### I. INTRODUCTION AND NATURE OF REMEDY REQUESTED

1. This proceeding is brought by the Plaintiffs requesting this Honorable Court, pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"), to determine the validity of a mortgage lien allegedly held by Defendant Scotiabank de Puerto Rico over Plaintiffs' residential real property. In support of this Complaint, Plaintiffs state as follows.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## III. PARTIES

3. Plaintiffs Alexander Bonilla Colon and Sugeyka Reyes Romero are the Debtors in the above captioned bankruptcy case, Case No. 18-06189 ESL7, U.S. Bankruptcy Court for the District of Puerto Rico.

4. Defendant Scotiabank de Puerto Rico ("Scotiabank") is a listed creditor in the above captioned bankruptcy case. See *Schedule E/F*, Docket No. 01.

5. Wigberto Lugo-Mender, Esq., is the appointed Chapter 7 Trustee, in the above captioned bankruptcy case.

## IV. STATEMENT OF FACTS

### A. The Property

6. On June 26, 2009, the Plaintiffs acquired a 100% property interest ("fee simple") in a real property located at Borinquen Valley 2 Development 380 Capuchino Street Caguas, Puerto Rico, (hereinafter "the Property).

7. The Property is described, in the Spanish language, as follows:

> "URBANA: Solar marcado con el numero Trescientos Ochenta (380) en el Plan de inscripción de la Urbanización Borinquen Valley Phase II en el termino municipal de Caguas, Puerto Rico, con un área superficial de trescientos punto cero cero (300.00) metros cuadrados. En lindes por el NORTE, en doce punto cero cero (12.00) metros con el solar número trescientos sesenta y siete (367); por el SUR, en doce punto cero cero (12.00) metros con la calle Capuchino; por el ESTE, en veinticinco punto cero cero (25.00) metros con el solar número trescientos setenta y nueve (379); y por el OESTE, en veinticinco punto cero cero (25.00) metros con el solar número trescientos ochenta y uno (381).
>
> En este solar está enclavada una residencia construida de hormigón

armado de una sola planta con tres (3) dormitorios, dos (2) baños, cocina extendida, sala-comedor y marquesina doble.

Este solar está afectado por una servidumbre a favor de la Puerto Rico Telephone Co., por todas sus colindancias con la calle Capuchino con un ancho de uno punto quinientos veinticuatro (1.524) metros.

En este solar hay construida un 'Safety Fence' de alambre eslabonado con cuatro pies (4') de alto por toda su colindancia con el solar número trescientos sesenta y cinco (367). "

### B. The Segregation, Release and Sales Deed No. 239, the Mortgage Deed No. 240 and the Property Registry

8. On May 29, 2009, the Plaintiffs/Debtors (the "Purchasers") and Borinquen Valley , S.E., represented by Jenvel Corporation ("the Seller"), executed a *Segregation, Release and Sales Deed* (entitled in the Spanish language: *Escritura de Segregación, Liberación y Compraventa*) Number 239 before Notary Public Public Ruben Mojica Montañez, whereby the Plaintiffs/Debtors acquired title or "fee simple" over the Property.

9. The aforestated Deed Number 239 was presented or submitted to the Property Registry on June 26, 2009, at entry (*asiento*) 722, daily book (*diario*) 1148, Caguas Section of the Puerto Rico Property Registry.

10. On May 29, 2009, Plaintiffs executed a *Mortgage Note* (*"Pagare Hipotecario"*) in the sum of $167,076.00 in favor of R&G Premier Bank of Puerto Rico.

11. That upon information and belief, the Defendant Scotiabank is the actual holder of said Mortgage Note in the sum of $167,076.00, having the same been transferred to Scotiabank by endorsement.

12. The aforementioned $167,076.00 mortgage note was allegedly guaranteed with a *Mortgage Deed* Number 240 entitled in the Spanish language *Escritura de*

*Hipoteca*, executed on May 29, 2009, before Notary Public Ruben Mojica Montañez.

13. That on June 26, 2009, the aforementioned *Mortgage Deed* Number 240 was presented ("*presentada*") or submitted to the Puerto Rico Property Registry, Caguas Section, at entry (*asiento*) 723, daily book (*diario*) 1148.

14. That as of the date of the present Complaint, the Property Registry's records/books reflect that after almost ten years since *Mortgage Deed* Number 240 was presented or submitted to the Property Registry, the same is pending registration.

15. That the above described *Mortgage Deed* No. 240 has not been duly recorded at the Puerto Rico Property Registry, Caguas Section, due to certain defects which prevent its registration.

16. An investigation of the Property Registry records/books concerning the Property revealed that the aforestated *Mortgage Deed* No. 240 has not been duly recorded since its collateral, the Property or lot number 380, has not been segregated and the same does not exist as a separate property which can be subjected to a mortgage lien.

17. The Property Registry records/books also reveal that the Property Registrar is unable to segregate the Property of lot number 380 due to a missing "government resolution" required to allow the segregation of said lot number 380.

18. As it stands, the Property or lot number 380 is still part of the Seller's original property *Finca* Number 52,592, recorded at *folio* 230 of *tomo* 1538, Caguas Section Puerto Rico Property Registry.

19. As of the date of the present Complaint, the Puerto Rico Property Registrar is unable to segregate Lot 380 in order to register the Defendant's mortgage lien

(*Mortgage Deed* Number 240), on the Property, thus, Defendant holds no "mortgage", as defined under Puerto Rico Mortgage Law.

### C. The Bankruptcy Court Proceedings

20. That on October 24, 2018, the herein Plaintiffs/Debtors filed the above captioned bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. 701 *et seq*.

21. That Defendant Scotiabank is a listed creditor included in the Debtors' *Schedule E/F, Official Form 106E/F*, Docket No. 01, in the above captioned case.

22. On December 05, 2018, Scotiabank filed a *Notice of Appearance & Request for Notice* (Bankruptcy Case/Docket No. 12) designating Attorney Juan C. Fortuño Fas, Esq., as its legal representative in all judicial proceedings pending before this Honorable Court.

23. On December 28, 2018, Defendant Scotiabank filed a proof of claim number 1-1 (POC #1-1), classified as a secured creditor in the sum of $136,566.61, claiming a security, a mortgage lien, over the Plaintiffs'/Debtors' residential real property, in the above captioned bankruptcy case.

### V. CLAIM

24. The allegations of paragraphs 1-23 above are re-alleged and are incorporated herein by reference.

25. To the extent Scotiabank is claiming a security or a secured classification based on a mortgage lien which mortgage has not been recorded due to a failure to segregate lot number 380, Scotiabank's mortgage lien is not a valid or perfected lien and, therefore, its unperfected alleged security should be cancelled and/or annulled.

26. To the extent Scotiabank is claiming a security or a secured classification based on a mortgage lien which mortgage is not recorded due to a failure to segregate lot number 380, Scotiabank's mortgage lien is not a valid or perfected lien and, therefore, Scotiabank's claim (POC #1-1) must be classified as a "general unsecured claim", in the above captioned bankruptcy case.

## VI. PRAYER FOR RELIEF

27. Wherefore, Plaintiffs/Debtors pray that this Court enter a Judgment in favor of the Plaintiffs/Debtors and against the Defendant as follows:

(a) declaring that Scotiabank's alleged mortgage lien over the Property located at Borinquen Valle 2 Lot 380 Capuchino Street Caguas, Puerto Rico is not a valid lien since the Defendant's mortgage deed is not properly recorded and thus, under the Puerto Rico Mortgage Law, Scotiabank does not hold a valid mortgage on which it may evidence a secured claim classification;

(b) declaring that Scotiabank's claim is to be classified as a general unsecured claim, in the above captioned bankruptcy case; and

(c) granting such other or further relief as is appropriate.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court grant the present complaint, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of January, 2019.

*/s/ROBERTO FIGUEROA CARRASQUILLO*
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PLAINTIFFS/DEBTORS
PO BOX 186 CAGUAS PR 00726-0186
TEL. 787-744-7699 FAX 787-746-5294
EMAIL: rfigueroa@rfclawpr.com