# United States Bankruptcy Court
# For the District of Puerto Rico

| | |
|---|---|
| IN RE:<br><br>**ALEXANDER BONILLA COLON**<br>**SUGEYKA REYES ROMERO**<br><br>*Debtors*<br><br>―――――――――――――<br><br>**ALEXANDER BONILLA COLON**<br>**SUGEYKA REYES ROMERO**<br><br>*Plaintiffs*<br><br>**SCOTIABANK DE PUERTO RICO**<br><br>**WIGBERTO LUGO MENDER, ESQ.**<br>**CHAPTER 7 TRUSTEE**<br><br>*Defendants* | Case No. 18-06189 (ESL)<br><br>Adv. Pro. 19-00006<br><br>CHAPTER 7 |

### ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Scotiabank de Puerto Rico (hereinafter "Defendant"), through its undersigned counsel, respectfully submits its Answer with Affirmative Defenses to Plaintiffs' Complaint, and respectfully **STATES**, **ALLEGES** and **PRAYS**:

### ANSWER

**I. INTRODUCTION**

1.  Paragraph 1 of the Complaint does not require a response since it is a statement of what Plaintiffs intend to do in these proceedings. Should a response to this Introductory paragraph be required, the same is denied.

## II. JURISDICTION

2. Defendant admits the allegations in paragraph 2 of the Plaintinffs' Complaint in that jurisdiction is proper pursuant to 28 U.S.C. § 1334 and Title 28 U.S.C. §157 and that this is a core proceeding.

## III. THE PARTIES

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## IV. STATEMENT OF FACTS

### A. The Property

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

### B. The Segregation, Release and Sales Deed No. 239, the Mortgage Deed No. 240 and the Property Registry

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint in the form alleged, and affirmatively alleges that the Mortgage Note for $167,076.00 is guaranteed by Mortgage Deed No. 240, executed on May 29, 2009.

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Scotiabank denies the allegations asserted in Paragraph 15 of the Complaint as being a conclusion without any factual support. Scotiabank affirmatively alleges that Mortgage Deed 240 has not been duly recorded yet for reasons that it has no knowledge or information to form a belief about.

16. Scotiabank denies having sufficient knowledge and information to form a belief as to the truth of the allegations asserted in paragraph 16 of the Complaint.

17. Scotiabank denies having sufficient knowledge and information to form a belief as to the truth of the allegations asserted in paragraph 17 of the Complaint.

18. Scotiabank denies having sufficient knowledge and information to form a belief as to the truth of the allegations asserted in paragraph 18 of the Complaint.

19. Scotiabank denies having sufficient knowledge and information to form a belief as to the truth of the allegations asserted in paragraph 19 of the Complaint.

C. **The Bankruptcy Court Proceedings**

20. Scotiabank admits the allegations set forth in Paragraph 20 of the Complaint.

21. Scotiabank admits the allegations set forth in Paragraph 21 of the Complaint.

22. Scotiabank denies the allegations set forth in Paragraph 22 of the Complaint in the form alleged since Scotiabank has appointed additional legal representation in these proceedings.

23. Scotiabank admits the allegations set forth in Paragraph 23 of the Complaint.

## V. CLAIM

24. Scotiabank repeats and realleges the responsive allegations to paragraphs 1 through 24 with the same force and effect as if fully set forth herein. allegations.

25. Scotiabank denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint

### AS TO THE PRAYER FOR RELIEF

Scotiabank denies the Prayer for Relief in Plaintiffs' Complaint and affirmatively asserts that the declaratory judgment requested should not be entered.

Scotiabank denies any other allegation that may be contained in the Complaint that has not been expressly admitted in this Answer to Plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES

a. Scotiabank incorporates herein all the affirmative allegations set forth in response to the Complaint above; and, additionally, it alleges the following affirmative defenses, each as a separate and distinct affirmative defense to Plaintiffs' Complaint and the cause of action contained therein.

b. Scotiabank 's assertions are without admitting any of the allegations contained in the Complaint and in no way, relieve Plaintiffs of their burden to prove each and every element of the claim contained therein. Scotiabank further reserves its right to amend or supplement these defenses and any other allegation contained in this Answer to the extent that new, or previously undiscovered, information becomes available.

c. Subject to the discovery results, the allegations against Scotiabank arose exclusively as a result of the actions of a third person or entity that is not a party to this lawsuit.

  d. The institution of this action is barred by the doctrine of laches.

  e. The institution of this action is barred by all applicable Statutes of Limitations.

  f. The claim as pleaded fails to state a cause of action upon which relief can be granted.

  g. Scotiabank complied with all legal requirements regarding the Mortgage Deed subject of this Adversary Proceeding.

  h. Scotiabank presented the mortgage Deed 240 for inscription on June 26, 2009 and obtain a proper presentment seat ("Asiento de Presentación"), this complying with its legal requirements before the plaintiffs' bankruptcy petition was filed.

  i. Plaintiffs have failed to establish all the required for obtaining the requested declaratory relief.

  j. Plaintiffs have filed this lawsuit with knowledge that they lack a valid and legal cause of action against Defendant, reason for which the Honorable Court should consider imposing upon Plaintiffs payment for Defendant's costs, disbursements and attorneys' fees because of their obstinacy.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter an Order: (1) taking note of the above and granting the requested leave; (2) dismissing the Complaint; (3) directing Plaintiffs to bear Defendant's costs and attorney's fees incurred in defending this action; and (4) providing for such other and further relief as deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of March 2019.

S/KENNETH C. SURIA
KENNETH C. SURIA
D.P.R. Bar No. 213302
Email: kcsuria@estrellallc.com

ESTRELLA, LLC
*Attorneys for Scotiabank*
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: 787-977-5050 Fax: 787-977-5090

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the parties of record.

In San Juan, Puerto Rico, this 21st day of March 2019.

S/KENNETH C. SURIA
KENNETH C. SURIA
D.P.R. Bar No. 213302
Email: phammer@estrellallc.com

ESTRELLA, LLC
*Attorneys for Scotiabank*
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: 787-977-5050 Fax: 787-977-5090